UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE TOWNHOMES AT FISHERS POINTE HOMEOWNERS ASSOCIATION, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:20-cv-02788-TWP-DLP<br>) |
| DEPOSITORS INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter has been referred to the Undersigned to issue a Report and Recommendation on Plaintiff's Motion for Order of Reference to Appraisal as Required by Insurance Policy, Dkt. [12][1]. The Court will treat this as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Magistrate Judge recommends that the Court **DENIES AS MOOT** Plaintiff's Motion for Judgment on the Pleadings.

**I.   Background**

On April 8, 2020, the roofs of The Townhomes at Fishers Pointe Homeowners Association, Inc.'s condominium buildings sustained hail damage as the result of a weather storm. (Dkt. 1-2 at 3). The property was insured with the Defendant Depositors Insurance Company, and thus, following the storm, the Plaintiff

---

[1] On January 6, 2021, Judge Tanya Walton Pratt designated the Undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 27).

1

submitted a claim to the Defendant for the roof damage. (Id. at 2-3). The Defendant issued an initial coverage payment of $81,444.08, but following an independent investigation tendered a supplemental payment of $28,766.57 on October 29, 2020. (Dkt. 6 at 3, 5). Plaintiff disagreed with the Defendant's calculated amount of loss and requested an appraisal pursuant to the Policy, but the Defendant refused. (Dkt. 1-2 at 3; Dkt. 6 at 3-4).

On October 5, 2020, Plaintiff initiated this lawsuit in Hamilton County Superior Court, requesting that the court order the parties to proceed to appraisal and appoint a neutral to serve as the appraisal umpire. (Dkt. 1-2).[2] The Defendant removed this case to this Court on October 28, 2020, and filed its Answer on November 4, 2020. (Dkts. 1, 6).

On December 10, 2020, Plaintiff filed the present Motion for Judgment on the Pleadings. (Dkt. 12).[3] On December 29, 2020, Defendant filed its response. (Dkts. 24, 25). On January 5, 2021, Plaintiff filed its reply. (Dkt. 26).

## II.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When evaluating this motion, the Court only considers the complaint, answer, and any documents attached thereto. *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378

---

[2] This is Plaintiff's second iteration of this litigation. On July 30, 2020, Plaintiff first sued Defendant in Marion County Superior Court, alleging breach of contract for failure to pay an insurance claim in full. (Dkt. 1-5 at 7-8). The lawsuit was subsequently removed to the Southern District of Indiana and then voluntarily dismissed by Plaintiff on September 15, 2020. (Dkts. 1-5, 1-7).

[3] On December 16, 2020, Plaintiff filed an Amended Brief in support of the present motion. (Dkt. 18). The Court has considered Plaintiff's Amended Brief, rather than the original Brief, (Dkt. 13), in assessing Plaintiff's Motion for Judgment on the Pleadings.

F.3d 596, 600 (7th Cir. 2004). In addition, when ruling on a motion for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quoting *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F. 2d 449, 452 (7th Cir. 1998)). The Court views all facts in the pleadings in the light most favorable to the non-moving party. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

### III. Discussion

In this dispute, Plaintiff argues that Defendant should be required to participate in the appraisal process to determine the amount of loss to the roofs of the condominium property at issue. (Dkt. 12 at 2). The Plaintiff also maintains that the Defendant has materially breached the Policy by refusing its request for an appraisal and delayed the claims process in bad faith, and thus the Court should "fashion the equitable remedy" of appointing one of three appraisal umpires identified in the Plaintiff's Complaint to advance the process. (Dkt. 18 at 7-8).

Defendant responds that the Plaintiff's motion should be denied as moot and this lawsuit dismissed. (Dkt. 25). On December 10, 2020, the Defendant argues, and the Plaintiff does not contest, that it notified the Plaintiff of its agreement to participate in the appraisal process in accordance with the Policy's terms. (Id. at 4,

3

9-10). In addition, the Defendant contends the Plaintiff is unable to meet its burden for showing it is entitled to judgment on the pleadings because genuine issues of material fact remain. (Id. at 6-9).

On March 11, 2021, the parties appeared for a telephonic status conference with the Undersigned, during which the parties agreed that an appraisal should take place and that it would proceed in accordance with the Policy.[4] (Dkt. 34). During the conference, the Plaintiff advised the Court that it selected Matthew Latham as its appraiser, and the Defendant selected Bill Norman as its appraiser. (Dkt. 34; Dkt. 25 at 1-2). During the conference, the parties also represented that their appraisers would work together to attempt to select an umpire and would notify the Court regarding the selection process by March 19, 2021. (Dkt. 34).

With the parties agreeing to participate in the appraisal process in accordance with the Policy, the Undersigned recommends that the Plaintiff's Motion for Judgment on the Pleadings be denied as moot. Moreover, the Magistrate Judge finds there are genuine issues of fact regarding coverage and waiver that cannot be decided on the pleadings, therefore, the Plaintiff is not entitled to a judgment on the pleadings.

### IV.   Conclusion

For the reasons detailed herein, the Magistrate Judge recommends that the Court **DENIES AS MOOT** Plaintiff's Motion for Judgment on the Pleadings, Dkt.

---

[4] Under the Policy, each party is directed to "select a competent and impartial appraiser . . . and . . . [t]he two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction." (Dkt. 6-1 at 70).

[12]. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

So RECOMMENDED.

Date: 4/27/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email