UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE TOWNHOMES AT FISHERS POINTE HOMEOWNERS ASSOCIATION, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:20-cv-02788-TWP-DLP<br>) |
| DEPOSITORS INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO APPOINT UMPIRE**

This matter has been referred to the Undersigned to issue a Report and Recommendation on Plaintiff's Motion to Appoint an Umpire, Dkt. [35].[1] For the reasons set forth below, the Magistrate Judge recommends that this Court **APPOINT** Jeffery L. Button as umpire in this case.

**I.    Background**

For purposes of this Report and Recommendation, the Undersigned briefly summarizes the underlying facts of this case. On April 8, 2020, the roofs of the Plaintiff Townhomes at Fishers Pointe Homeowners Association, Inc.'s condominium buildings sustained hail damage as a result of a weather storm. (Dkt. 1-2 at 3). The property was insured under Defendant Depositors Insurance Company's Policy No. ACP BPHD 3028521644, with effective dates January 15,

---

[1] On April 28, 2021, Judge Tanya Walton Pratt designated the Undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 43).

1

2020 to January 15, 2021 (the "Policy"). (Id. at 2). Following the storm, the Plaintiff submitted a claim for the roof damage to Defendant, but the Defendant disagreed with the claimed amount of loss and this lawsuit ensued. (Id. at 3).

On October 5, 2020, Plaintiff initiated this lawsuit in Hamilton County Superior Court, to invoke the appraisal process and to have the Court appoint a neutral to serve as the appraisal umpire. (Dkt. 1-2).[2] The Defendant removed this case to this Court on October 28, 2020, and filed its Answer on November 4, 2020. (Dkts. 1, 6).

On March 11, 2021, the Undersigned conducted a status conference with the parties, wherein it was represented that the parties had agreed that an appraisal was appropriate in this case and that the parties' independent appraisers were working together to select an umpire in accordance with the Policy.[3] (Dkt. 34). During the conference, the Plaintiff advised the Court that it had selected public adjuster Matthew Latham as its appraiser, and the Defendant advised that it had selected Bill Norman, an engineer, to serve as its designated appraiser. (Dkt. 34, Dkt. 25 at 1-2). The parties agreed to work together to attempt to select an umpire and agreed to notify the Court regarding the selection process by March 19, 2021. (Dkt. 34).

---

[2] This is Plaintiff's second iteration of this litigation. On July 30, 2020, Plaintiff first sued Defendant in Marion County Superior Court, alleging breach of contract for failure to pay an insurance claim in full. (Dkt. 1-5 at 7-8). The lawsuit was subsequently removed to the Southern District of Indiana and then voluntarily dismissed by Plaintiff on September 15, 2020. (Dkts. 1-5, 1-7).

[3] Under the Policy, each party is to "select a competent and impartial appraiser . . . and . . . [t]he two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction." (Dkt. 6-1 at 70).

2

**II. Discussion**

In Plaintiff's motion for appointment of an umpire, the parties notified the Court that the two appraisers had been unable to agree on an umpire. (Dkt. 35). With respect to the appraisal process, the Policy provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser after receiving a written request from the other, and will advise the other party of the name of such appraiser within 20 days. The two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>     a.    Pay its chosen appraiser; and
>     b.    Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we still retain our right to deny the claim.

(Dkt. 6-1 at 70).

Here, the Policy's appraisal clause provides that each party will select a competent and impartial appraiser who eventually will provide an opinion regarding "the value of the property and the amount of the loss." (Id.). Before doing so, however, the Policy provides that the two appraisers will select an umpire, and if they are unable to agree on an umpire, they may move the Court to select one. (Id.). Once the three-person panel is assembled, an appraisal award signed by any two "will be binding" on the parties. (Id.). The Policy, however, does not dictate the qualifications or characteristics that the selected umpire must have.

On March 19, 2021, the Court requested the parties provide additional briefing on the issue regarding the selection of an appraisal umpire through supplemental briefs. (Dkt. 36). On April 2, 2021, the parties filed their supplemental briefs framing the issue concerning the selection of an umpire. (Dkts. 38, 39). The Plaintiff prefers an individual with expertise in estimating the cost of roof repairs and the amount of loss to serve as the umpire, (Dkt. 39 at 5), while the Defendant prefers an individual with structural engineering and/or roofing expertise, (Dkt. 38 at 4). Each party submitted two nominees to the Magistrate Judge. (Dkts. 38, 39).

### 1. *Appraiser Selection*

As noted above, the Plaintiff selected Mr. Latham and the Defendant selected Mr. Norman as their respective appraisers pursuant to the Policy's appraisal provision, which allows each party to choose "a competent and impartial appraiser" and the two appraisers to choose an umpire. (Dkt. 6-1 at 70). In the parties' supplemental briefing, they advance various arguments opposing the other party's selected appraiser. The Plaintiff's argument that Mr. Norman is biased because he has been associated with insurance companies is of no consequence and does not show that he is incompetent or biased. As to Defendant's challenges regarding Mr. Latham's competency to serve as an appraiser, the Undersigned notes that Mr. Latham's exclusion in *Rocklane Co.* was due to Plaintiff's failure to provide a report, curriculum vitae, or other document that would have allowed the court to conduct the Rule 702 expert witness admissibility analysis. *Rocklane Co. v. Travelers Cas.*

*Ins. Co. of Am.*, No. 1:17-cv-02158-JMS-DLP, 2020 WL 1320963, at *8-9 (S.D. Ind. Jan. 21, 2020). Thus, this case is not applicable. In addition, while Mr. Latham was excluded in *N. Shore Co-Owners' Ass'n* from testifying as an expert on shingle damage, cosmetic shingle damage, matching shingles, shingles composition, and hail and wind damage identification due to the lack of a reliable methodology, the court did permit Mr. Latham to offer expert testimony on the replacement cost for shingles and soft metals. *N. Shore Co-Owners' Ass'n v. Nationwide Mut. Ins. Co.*, No. 1:18-cv-03632-SEB-TAB, 2021 WL 527014, at *3-5 (S.D. Ind. Feb. 12, 2021). The Undersigned finds that neither side has presented evidence to demonstrate that either of the parties' appraisers lack competency or the ability to be impartial.

### 2. *Umpire Selection*

In its brief, the Plaintiff proposes that the Court select either Teresa Todd or Joshua Smalling to serve as the umpire in the appraisal process. (Dkt. 39 at 3-4). Ms. Todd is an Indiana trial attorney with years of experience as a civil mediator. (Dkt. 39-1). Ms. Todd's mediation practice focuses on cases involving personal injury, wrongful death, medical malpractice, subrogation, and insurance disputes. (Id.). As a neutral mediator and licensed attorney with prior experience as an umpire in "roof damage insurance claims," the Plaintiff has identified Ms. Todd as a viable umpire nominee. (Dkt. 39 at 3). The Plaintiff also has proposed Joshua Smalling as a viable nominee. (Dkt. 39 at 4). Mr. Smalling is an Indiana-based construction consultant, umpire, and insurance appraiser, with nearly eighteen years' experience in insurance restoration, large loss, custom home building, high-

5

end residential remodeling, commercial buildouts, and residential and commercial roofing. (Dkt. 39-2). Plaintiff maintains that its nominees, unlike the Defendant's nominated engineers, have more extensive experience in handling residential roof claims and in estimating the cost of roof repairs and the amount of loss, which is the key determination in appraisal. (Dkt. 39 at 5).

The Defendant, in its supplemental briefing, proposes that either Tim Dickson or Jeffery Button serve as umpire. (Dkt. 38 at 2). Mr. Dickson, the Defendant's first choice, is an Indiana-based structural engineer with over thirty years' experience who, over the past twenty-three years, has performed numerous forensic investigations to evaluate a property loss to determine the cause and extent of damage, including those involving a roofing failure, a structural failure/collapse, water infiltration, fire, and natural disasters. (Dkt. 38-1). Since 1998, Mr. Dickson has provided expert witness services for plaintiffs and defendants in litigation related to various matters pertaining to building construction and structural engineering practices. (Id.). Alternatively, the Defendant proposes Mr. Button, an Illinois professional with thirty-five years' experience in architecture, engineering, inspection, forensic consulting, building damage evaluation, and construction project management. (Dkt. 38-2). Mr. Button has conducted hundreds of roof investigations to determine the cause and origin of moisture infiltration into structures and the repairs necessary to eliminate the moisture infiltration. (Id.). As a Registered Roof Consultant, Mr. Burton has expertise in roofing and waterproofing analysis and repair. (Id.). He has evaluated structures for weather-

related damage, including wind, hail, and decay and pre-existing damage. (Id.). Mr. Button has also served as an umpire and appraiser for property insurance disputes. (Id.).

Based on the Undersigned's review of the candidates advanced by the parties, the Undersigned recommends that Jeffery Button be selected as umpire. Mr. Button is employed by DBI Construction Consultants and serves as Practice Leader for DBI's Roofing and Building Envelope Divisions. (Dkt. 38-2 at 3). Relevant to this dispute, Mr. Button has extensive experience in roofing and waterproofing analysis and repair, particularly involving hail damage. (Dkt. 38-2 at 2). Based on a review of the nominees' qualifications, it is unclear to the Undersigned whether the other proposed nominees have experience in assessing roofs for hail damage. While Mr. Button is not located in Indiana, he is located in close geographic proximity to the subject property. Accordingly, given Mr. Button's professional training, certifications in roof repair, and thirty-five years of experience in architecture, engineering, inspection and building damage evaluations for weather related damage, including wind, hail, snow and ice collapses, the Undersigned concludes that Mr. Button would be competent and impartial in serving as an umpire in the parties' appraisal process.

### III.  Conclusion

For the reasons detailed herein, the Magistrate Judge recommends that Jeffery L. Button of DBI Construction Consultants be appointed as umpire with respect to the insurance policy appraisal provision applicable to this case.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

So RECOMMENDED.

Date: 5/3/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email