UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE TOWNHOMES AT FISHERS POINTE HOMEOWNERS ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-02788-TWP-DLP |
| DEPOSITORS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

### ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTON TO DISMISS

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Plaintiff The Townhomes at Fishers Pointe Homeowners Association, Inc. ("the HOA") (Filing No. 12), and the parties' Motion to Appoint Umpire (Filing No. 35). Also pending is a Motion to Dismiss filed by Defendant Depositors Insurance Company ("Depositors") (Filing No. 22). The HOA initiated this action against Depositors to compel appraisal of a property loss after the parties disputed the amount of loss. The Court referred the three motions to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Filing No. 27, Filing No. 43). The Magistrate Judge issued Reports and Recommendations that the Motion for Judgment on the Pleadings be denied as moot because the parties have agreed to participate in the appraisal process (Filing No. 42); and the appointment of Jeffery L. Button ("Button") (one of the umpires suggested by Depositors) as the umpire for the appraisal (Filing No. 44). No Report and Recommendation has been entered on the Motion to Dismiss which has been un-referred. Neither party objects to the Report and Recommendation concerning the Motion for Judgment on the Pleadings. However, the HOA objects to the Report and Recommendation concerning the appointment of an umpire

([Filing No. 46](#)). For the reasons stated below the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 42](#)) and **denies as moot** the HOA's Motion for Judgment on the Pleadings ([Filing No. 12](#)); **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 44](#)), granting the Motion to Appoint Umpire ([Filing No. 35](#)) and appointing Button as the umpire for the appraisal; and **denies without prejudice** the Motion to Dismiss ([Filing No. 22](#)).

## I. LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. As to non-dispositive, pretrial matters, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law. A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. This is an extremely deferential standard." *King v. City of Fishers*, 2020 WL 4726640, at *2 (S.D. Ind. Aug. 14, 2020) (internal citations and quotation marks omitted).

## II. FACTS

The facts of this case are set forth in the Magistrate Judge's Report and Recommendation are not disputed, ([Filing No. 44](#)), so only a brief synopsis of the factual background is stated in this Order. In addition, there is no need to repeat all of the legal analysis and conclusions of the Magistrate Judge as the Court points the parties to the Report and Recommendation for that information.

The HOA is responsible for insuring and repair of certain real estate and structures, including but not limited to roofs and siding, which are part of The Townhomes at Fishers Pointe condominiums located in Fishers, Indiana. After the HOA suffered property damage to its condominium buildings from a hailstorm, it submitted a loss claim to its insurer, Depositors. Although Depositors disagreed with the amount of loss for the roof damage, Depositors made two payments on the HOA's insurance claim. The HOA then filed this action against Depositors to compel the appraisal process and to appoint a neutral umpire for the appraisal. Subsequently, Depositors agreed to proceed with the appraisal, and the parties selected their appraisers pursuant to the insurance policy. Unfortunately, the two appraisers could not agree upon the neutral umpire, so, as required by the policy, the parties asked the Court to appoint the umpire. Each party submitted two recommendations for the Court's consideration and the Magistrate Judge recommended appointing Button--one of the recommendations of Depositors--as the umpire for the appraisal.

## III. DISCUSSION

The Court will first discuss HOA's objection before discussing the remaining matters.

### A. Motion to Appoint Umpire

The HOA objects to the Magistrate Judge's recommendation of Button, arguing among other things, that the Report and Recommendation is in error because it concluded that Depositors'

3

selected *appraiser* is competent and impartial, and the HOA argues that the appraiser is not. However, Depositors' selected *appraiser* is irrelevant to the Court's appointment of an *umpire*. The insurance agreement provides that "each party will select a competent and impartial appraiser . . . [and] [t]he two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction." (Filing No. 6-1 at 70.) Therefore, according to the plain terms of the insurance agreement, the Court's consideration and task is selecting the umpire, not the parties' appraisers, and thus, the HOA's argument about Depositors' selected appraiser is irrelevant and unavailing.

The HOA also argues error in the selection of Button, because he is not licensed to practice engineering in Indiana. The HOA acknowledges that Button is licensed to practice architecture in Indiana, (Filing No. 46 at 4), and in its earlier briefing, noted that an engineer or architect qualifies to be an umpire (Filing No. 39 at 2). Therefore, this argument is unavailing. Furthermore, the HOA complains that Button does not have specific experience and qualifications with respect to roof hail damage, but the HOA is simply wrong as Button's *curriculum vitae* details his roof and hail damage experience (*see* Filing No. 38-2).

Additionally, the HOA argues that the Report and Recommendation is in error because it focused on qualifications and failed to consider bias and partiality of Button. The HOA asserts,

> That an insurance company would nominate an umpire who it did not deem friendly to its views defies how the real world works in this regard. Most troubling, the CV of Button submitted by Insurance Company is obviously cut off at page 2 and incomplete. [Dkt. 38-2 at 3]. No doubt page 3 of the CV contained a list of representative clients chock full of insurance companies and a list of cases where he served as an insurance company expert witness. Also, Button's most recent employer prior to his current job was with Halliwell Engineering Associates, known to this Court as an expert witness for the insurance industry. <u>Rocklane Company, LLC and Sycamore Village Homeowners Association v. Travelers Casualty Insurance Company of America</u>, Cause No.: 1:17-cv-02158-JMS-D, Dkt.66-8. Under these circumstances, Plaintiff's objection to the Report's complete

4

failure to address the impartiality of its recommended umpire should thus be sustained.

([Filing No. 46 at 3](Filing No. 46 at 3).)

Depositors responds that the HOA's argument that Button is biased is speculative and groundless with no supporting evidence. Depositors asserts that the HOA "falsely claims that the CV of Button submitted by Depositors was cut off and implies this was a deliberate tactic to obscure 'a list of cases of where he served as an insurance company expert witness.' Pl.'s Obj. at 3. This is false. Depositors submitted Button's complete CV." ([Filing No. 50 at 3](Filing No. 50 at 3).) Depositors argues that the HOA points to no evidence of improper conduct or the existence of an inappropriate relationship between Button, Depositors, or Depositors' selected appraiser. Furthermore, Button does not have any financial interest in the outcome of this litigation or any other potential conflict of interest.

Depositors' position is well-taken. The HOA has not provided anything other than speculation that Button may be biased. The Magistrate Judge noted that Button has prior experience serving as an umpire and an appraiser in property insurance disputes and concluded that he "would be competent and impartial in serving as an umpire." ([Filing No. 44 at 7](Filing No. 44 at 7).) In its *de novo* determination, the Court concludes that the Magistrate Judge committed no error concerning Button's qualification and impartiality. The Magistrate Judge's consideration, analysis, and conclusions regarding appointment of an umpire were correct and without error. Therefore, the Court **adopts** the Report and Recommendation. concerning appointment of an umpire.

B.     <u>**Motion for Judgment on the Pleadings**</u>

As noted earlier, there is no objection to the Report and Recommendation concerning the Motion for Judgment on the Pleadings, so the Court **adopts** that Report and Recommendation. ([Filing No. 42](Filing No. 42)).

C.  **Motion to Dismiss**

Depositors separately filed a Motion to Dismiss, (Filing No. 22), pursuant to Rule 12(b)(6) on the basis that the relief requested—compelling appraisal and appointing an umpire—has been satisfied in that the parties have agreed to proceed with appraisal and the Court is appointing an umpire.  Depositors also asserts that the HOA failed to adequately plead claims for breach of contract and waiver. In light of the Court's rulings in this Order on the Reports and Recommendations, and the parties proceeding with the appraisal, the Court **denies** the Motion to Dismiss, (Filing No. 22), **without prejudice to refile** the Motion after the appraisal is completed.

IV.  **CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 42) and **DENIES as moot** the HOA's Motion for Judgment on the Pleadings (Filing No. 12).  Additionally, the Court **OVERRULES** the HOA's Objection (Filing No. 46) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 44), **granting** the Motion to Appoint Umpire (Filing No. 35) and appointing Jeffrey Button as the umpire for the appraisal. Depositors' Motion to Dismiss, (Filing No. 22), is **DENIED without prejudice to refile** the Motion after the appraisal has been completed.

SO ORDERED.

Date:  7/15/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Donald D. Levenhagen
LANDMAN BEATTY LAWYERS LLP
dlevenhagen@landmanbeatty.com

Elizabeth B. Boggia
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.boggia@faegredrinker.com

Teresa A. Griffin
FAEGRE DRINKER BIDDLE & REATH LLP
teresa.griffin@faegredrinker.com